Case 4:24-cv-03812   Document 13   Filed on 05/02/25 in TXSD   Page 1 of 7
United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS COUNTY COMMUNITY DEVELOPMENT LLC, and JESUS TERRAZAS, III, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-3812 |
| | § | |
| JP MORGAN CHASE, NATIONAL ASSOCIATION and its successors and assigns, | § § § § | |
| *Defendant.* | § | |

## ORDER

Pending before the Court is Defendant JP Morgan Chase, National Association's ("JP Morgan" or "Defendant") Motion to Dismiss. (Doc. No. 6). Plaintiffs Harris County Community Development, LLC ("HCCD") and Jesus Terrazas, III ("Terrazas") responded in opposition (Doc. No. 10), and Defendant replied. (Doc. No. 11).[1] Having considered the pleadings, the Motion, and the applicable law, the Court GRANTS Defendant's Motion to Dismiss. (Doc. No. 6).

### I.   Background

This is a dispute involving real property located at 2303 Sheridan Street, Houston, Texas 77030 (the "Property"). In 2005, Jesus Terrazas, Jr. and Rosa Anchondo Terrazas, Terrazas's father and mother, signed a homestead lien contract and deed of trust, in the amount of $217,000, regarding the Property (the "Contract"). (Doc. No. 1-4 at 4, 24–28).[2] Jesus Terrazas, Jr., alone, also

---

[1] Plaintiffs' response was untimely; filed nearly three months after Defendant's Motion. Though the Court does not look favorably upon Plaintiffs' tardiness, it finds that whether the Court considers Plaintiffs' response does not change the outcome of this Order. As such, the Court will not strike Plaintiffs' response, as Defendant requests.
[2] Plaintiffs' Complaint states that only Terrazas's father, Jesus Terrazas, Jr., signed the Contract. (Doc. No. 1-4 at 4). Yet Plaintiffs attached the Contract to their Complaint. (*Id.* at 24–28). Both Jesus Terrazas, Jr. and Rosa Anchondo Terrazas clearly signed the Contract. (*Id.*). The Court may consider the Contract, as it was attached to the Complaint. *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a

signed a "Home Equity Line of Credit Agreement" with Defendant (the "Credit Agreement"). (*Id.* at 17–22).

In 2007, Jesus Terrazas, Jr., alone, allegedly granted the Property to Terrazas Investments, LLC. (*Id.* at 5, 34–35).[3] Jesus Terrazas, Jr. and Rosa Anchondo Terrazas ultimately died in years following the conveyance. (*Id.* at 5). In 2018, Terrazas Investments, LLC changed its name to Harris County Community Development, LLC. (*Id.* at 38–40). Plaintiff Terrazas contends that the Property is now his homestead, and he has attempted to make payments to Defendant to bring the home equity loan current. (*Id.* at 5).

Nevertheless, Defendant notified Plaintiffs on February 6, 2024 of its intention to foreclose. (*Id.*). On February 21, 2024, Defendant sent a notice to Plaintiff that his application for mortgage assistance was received. (*Id.* at 5, 51–52). The notice stated that, "[i]f a foreclosure action has already been filed, we can't proceed with the foreclosure sale during our review." (*Id.* at 51). Plaintiffs allege that the application was neither approved nor denied, and Plaintiffs never received an update regarding the application. (*Id.* at 5). Without any further correspondence, the Property was again listed for foreclosure on October 1, 2024. (*Id.*).

Plaintiffs initiated this lawsuit in Texas state court, alleging that Defendant violated the Texas Constitution, § 1024.41 of the Real Estate Settlement Procedures Act ("RESPA"), and seeking a Temporary Restraining Order ("TRO") to enjoin Defendant from foreclosing on the Property. (*Id.* at 6–8). Defendant removed the suit to this Court. Though Plaintiff obtained a TRO

---

motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken.").
[3] It is worth noting that Plaintiffs' contend that the Property was Plaintiff Terrazas's parent's homestead, see (*Id.* at 14), yet the general warranty deed purporting to convey the Property to Terrazas Investments, LLC, and signed only by Jesus Terrazas, Jr, states that the Property "constitutes no part of their community homestead." (*Id.* at 34).

before the case was removed, the TRO has since expired. (Doc. No. 1-5). Defendant apparently has not proceeded with foreclosure of the Property.

Defendant now moves to dismiss Plaintiffs' suit under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6). Defendant contends that it did not violate the Texas Constitution, and Plaintiffs lack standing to sue for the alleged RESPA violation. Further, Defendant argues that, because Plaintiffs failed to demonstrate a viable, underlying claim for relief, Plaintiffs are not entitled to injunctive relief.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual

assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

As noted above, Plaintiffs claim Defendant violated the Texas Constitution and § 1024.41 of the RESPA. Plaintiffs also seek injunctive relief on that basis. The Court will address each claim in turn.

### A. Texas Constitution

In relevant part, the Texas Constitution states:

> [t]he homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for an extension of credit that: is secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse.

Tex. Const. art. XVI, § 50(a)(6)(A). Plaintiffs allege that Defendant violated this section of the Constitution when it "negligently excluded plaintiff's wife from the Home Equity documents." (Doc. No. 1-4 at 6). The Court assumes that Plaintiffs' intended to plead that Defendant excluded Plaintiff Terrazas's mother, rather than his wife, from the Credit Agreement. Otherwise, their pleadings are non-sensical. Plaintiffs allege that the § 153.91 of the Texas Administrative Code requires Defendant to "attempt to correct the error." (*Id.*). The Administrative Code states that:

> [a] borrower notifies a lender or holder of its alleged failure to comply with an obligation by taking reasonable steps to notify the lender or holder of the alleged failure to comply. The notification must include a reasonable: (1) identification of the borrower; (2) identification of the loan; and (3) description of the alleged failure to comply.

Tex. Admin. Code § 153.91.

4

Defendant argues, and the documents attached to the Complaint demonstrate, that the "debt was secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse," as required by the Texas Constitution. The home equity loan was secured by a voluntary lien under a written agreement, the Contract. The Contract was signed by each owner and each owner's spouse, Jesus Terrazas, Jr. and Rosa Anchondo Terrazas. The Constitution does not require that each owner and each owner's spouse also sign the Credit Agreement that makes them personally liable on the debt. *See* Tex. Const. art. XVI, § 50(a)(6). As such, Rosa Anchondo Terrazas was not required to sign the Credit Agreement.

Thus, Plaintiffs have failed to plead a claim upon which relief may be granted. Plaintiffs' claim for violation of the Texas Constitution is, therefore, dismissed.

### B. Real Estate Settlement Procedures Act

Plaintiffs also allege that Defendant violated §1024.41 of the RESPA. Upon submission of a loss mitigation application, RESPA requires a loan servicer to "[n]otify the borrower in writing within 5 days ... after receiving the loss mitigation application ... that the servicer has determined that the loss mitigation application is either complete or incomplete." 12 C.F.R. § 1024.41(b)(2)(B). Additionally, RESPA contains various prohibitions on foreclosure referrals if the borrower submits a complete loss mitigation application. 12 C.F.R. § 1024.41(f)(2).

Plaintiff Terrazas alleges that he submitted a loss mitigation application. The documents attached to the Complaint corroborate this contention, and demonstrate that Defendant notified Jesus Terrazas (though the letter does not specify whether it is addressed to Jesus Terrazas, Jr. or Jesus Terrazas, III) that the application was complete. (*Id.* at 47). Accordingly, Plaintiffs allege that Defendant violated the RESPA by "actively pursu[ing] foreclosure while simultaneously considering the borrower for loss mitigation options." (*Id.* at 7).

Defendant contends that Plaintiffs lack standing to bring a RESPA claim because Plaintiffs are not borrowers. (Doc. No. 6 at 5). "The protections of RESPA apply only to borrowers and/or loan applicants." *Bridges v. Bank of N.Y. Mellon*, No. H-17-1429, 2018 WL 836061, at *19 (S.D. Tex. Feb. 12, 2018) (Lake, J.) (citing *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:15-CV-682, 2016 WL 4974899, at *7 (E.D. Tex. Sept. 19, 2016)). Courts construe the term "borrower," within the meaning of RESPA, as those who signed the promissory note or assumed the loan. *Lackie v. PHH Mortg. Corp.*, No. 3:17-CV-377-BT, 2018 WL 4409799, at *6 (N.D. Tex. Sept. 17, 2018) (Rutherford, J.) (citing *Leblow v. BAC Home Loans Servicing LP*, No. 1:12-CV-246, 2013 WL 2317726, at *7 (W.D. N.C. May 3, 2013)). Plaintiffs do not allege that either signed the Contract, nor do Plaintiffs allege that either assumed the Contract. The documents attached to the Complaint also demonstrate that, at least up until the letter sent by Defendant to Plaintiff Terrazas on March 5, 2024, Defendant's records show Plaintiff Terrazas's parents as the borrowers of the Contract. (Doc. No. 1-4 at 43). The Court therefore finds that neither Plaintiff is a borrower, as defined by the RESPA. Therefore, Plaintiffs lack standing to bring a RESPA claim.

Moreover, "[t]o recover on a RESPA claim, a claimant must show that actual damages resulted from a RESPA violation." *Recio, Jr. v. NewRez LLC*, No. MO:22-CV-00181, 2023 WL 2957846, at *5 (W.D. Tex. Mar. 30, 2023) (Griffin, Mag. J.), *report and recommendation adopted*, No. MO:22-CV-00181, 2023 WL 2957836 (W.D. Tex. Apr. 14, 2023) (Counts, J.). Plaintiffs do not allege any actual damages resulting from an alleged RESPA violation. As such, Plaintiff fails to state a RESPA claim. *See id.* Accordingly, Defendant's motion is granted as to Plaintiffs' RESPA claim.

## C. Injunctive Relief

Plaintiffs may only obtain injunctive relief if they can demonstrate a likelihood of success on the merits of an underlying claim. *See City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018). Consequently, since Plaintiffs failed to demonstrate a viable, underlying claim for relief, Plaintiffs are not entitled to injunctive relief. *See id.* (finding a plaintiff is entitled to injunctive relief only when they are successful on the merits of their underlying claim).

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. (Doc. No. 6). All other pending motions are hereby DENIED as moot. (Doc. No. 5). This matter is hereby dismissed with prejudice.

Signed at Houston, Texas, on this 2nd day of May, 2025.

Andrew S. Hanen
United States District Judge